RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000
Fax. (212) 593-5955

DAVID J. MERRILL
Nevada Bar No. 6060
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com

Attorneys for Defendant
National Retirement Fund

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wilhelm, et. al.<br><br>            Plaintiffs,<br><br>     vs.<br><br>Beasley, et al.<br>            Defendants. | Case No.: 2:15-cv-00245-APG-VCF |

**DEFENDANTS' EMERGENCY MOTION FOR AN ORDER DIRECTING PLAINTIFFS TO REMOVE DEFENDANTS' PRIVILEGED MATERIAL FROM THE PUBLIC DOMAIN AND PROHIBITING PLAINTIFFS <u>FROM FURTHER IMPROPER DISSEMINATION OF THAT MATERIAL</u>**

Defendants,[1] by their undersigned attorneys, respectfully move, pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP") and LR 7-5 for an order (1) directing Plaintiffs'[2]

---

[1] Defendants include the National Retirement Fund (the "NRF" or the "Fund") and twenty-five of the Fund's Trustees (the "Defendant Trustees"). The Defendant Trustees include Noel Beasley, Harold Bock, Gary Bonadonna, Lynne Fox, Jean Hervey, Julie Kelly, Wilfredo Larancuent, David Melman, Richard Monje, Harris Raynor, Edgar Romney, Cristina Vazquez, Teresa Wood, John Agnello, James Brubaker, John Fowler, Tod Greenfield, Robert Kovacs, Richard Kuether, Peter Lindenmeyer, Brian McGrath, Michael Montelongo, Homi Patel, Steven Thomas and Timothy Weiler.

[2] Plaintiffs include eleven of the Fund's Trustees: John Wilhelm, Bill Biggerstaff, Donna DeCaprio, Enrique Fernandez, Bill Granfield, Warren Heyman, Marvin Jones, Bob McDevitt, Warren Pepicelli, Richard Rumelt and Harry Tamarin.

1

1  to immediately remove Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Plaintiffs'
2  Opposition") and the Declaration of John W. Wilhelm (the "Wilhelm Decl.") from the Court's
3  ECF System and (2) prohibiting Plaintiffs from any further dissemination of the Fund's
4  privileged documents or information.  Defendants also move for sanctions, but only to the extent
5  that the issuance of sanctions will not have any impact on Defendants' pending motion to
6  dismiss for lack of venue or *forum non conveniens*.

7  DATED this 6 day of May 2015.

8  TALEAH E. JENNINGS, Esq

10  By:   /s/ Taleah E. Jennings

12  TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
13  RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
   Schulte Roth & Zabel LLP
14  919 Third Avenue
   New York, NY 10022
15  Tel. (212) 756-2000

16  DAVID J. MERRILL
   10161 Park Run Drive, Suite 150
17  Las Vegas, Nevada 89145
   (702) 566-1935

19  Attorneys for Defendant
   National Retirement Fund

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The NRF is a multiemployer pension plan, established pursuant to the Employee Retirement Income Security Act of 1974, *as amended* ("<u>ERISA</u>").  The Fund provides retirement and related benefits to eligible participants and beneficiaries and is managed by a Board of Trustees.  The Board of Trustees is composed of twenty-one trustees designated by employers that contribute to the Fund's pension plans ("Employer Trustees") and twenty-four trustees selected by two participating unions that represent the union ("Union Trustees").  Defendants in this action include the NRF and twenty-five of the Fund's trustees (collectively, the "Defendants").  Plaintiffs are eleven of the Fund's trustees designated by the union ("Plaintiffs").

In this action, Plaintiffs allege that Defendants breached their fiduciary duties when it decided, by majority vote by both the Union Trustees and the Employer Trustees, to expel certain subsidiaries of Caesars Entertainment Corporation (the "Caesars Subsidiaries") from the Fund's Legacy Plan (one of the Fund's pension plans).  Defendants moved to dismiss the case pursuant to FRCP 12(b)(3) for lack of venue, or in the alternative, to transfer the case to a proper venue ("Defendants' Motion").

The dissident Plaintiffs have now engaged in an egregious act.  For no legitimate reason, in the papers they submitted in opposition to Defendants' Motion, Plaintiffs violated the Fund's attorney-client privilege.  Specifically, Plaintiffs attached a privileged and confidential memorandum sent to the Fund by the Fund's outside counsel as Exhibit 5 to the Wilhelm Decl. (the "Privileged Memorandum").  Plaintiffs also discuss the contents of the Privileged Memorandum in ¶ 22 of the Wilhelm Decl. and on pp. 7-8 of Plaintiffs' Opposition.  The Privileged Memorandum is stamped at the top "**PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT**."

The Privileged Memorandum is wholly irrelevant to Defendants' motion to dismiss and will not assist the Court in ruling on that motion, which is based solely on issues concerning venue and *forum non conveniens*. The Privileged Memorandum, however, is directly relevant to issues involved in ongoing litigations between Defendants and Caesars Entertainment Corporation and/or its subsidiaries ("Caesars") — including the same entities that Plaintiffs claim in this litigation were wrongfully expelled from the Fund's Legacy Plan. (*See* Plaintiffs Opposition at 11.) There is only one reason Plaintiffs publicly filed the Privileged Memorandum in connection with a submission to which it bears no relation: to provide Caesars with access to the Privileged Memorandum, which under no other circumstances it would have access. Plaintiffs have no authority to disclose the Fund's privileged documents or communications. They have disregarded their fiduciary duties to the Fund and acted in bad faith.

The Court should require Plaintiffs to immediately remove the Fund's privileged material from the public domain and should prohibit Plaintiffs from further disseminating any of the Fund's privileged material. The Court also should issue sanctions against Plaintiffs for their bad faith and knowing violation of the Fund's privilege so as to advantage Caesars in Caesars' separate litigations against the Fund.

## II.  STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Richard N. Rust, dated May 6, 2015 ("Rust Decl.").

## III.  ARGUMENT

### I.  PLAINTIFFS ACTED WITHOUT AUTHORITY AND IN BAD FAITH.

#### A.  Plaintiffs Had No Authority To Waive The Fund's Privilege.

The attorney-client privilege is "one of the oldest recognized privileges for confidential communications." *Murdoch v. Castro*, 609 F.3d 983, 994-95 (9th Cir. 2010). Its main purpose is "to encourage full and frank communication between attorneys and their clients

2

and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  The attorney-client privilege extends to "confidential disclosures made by a client to an attorney in order to obtain legal advice … as well as an attorney's advice in response to such disclosures." *U.S. v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).

It is black-letter law in this jurisdiction, and elsewhere, that "[o]nly the holder of the attorney-client privilege may waive it." *Montgomery v. Etreppid Techs., LLC*, 548 F. Supp. 1175, 1187 (9th Cir. 2008).  The Fund — and not the trustees of the Fund — hold the Fund's privilege and, thus, the Fund — and not the trustees of the Fund — is the only entity that may waive the privilege. *Cf. Montgomery v. Etreppid Techs., LLC.*, 548 F. Supp. 1175, 1187 (9th Cir. 2008).  In *Montgomery v. Etreppid Techs., LLC*, the Ninth Circuit Court of Appeals was faced with the question of whether a corporation was the sole client in an attorney-client relationship (and the sole holder of the corporation's privilege) or whether the corporation and its managers were "joint clients" such that the managers also held the privilege.  548 F. Supp. at 1177.  The Court held that the "corporation is the sole client." *Id*. at 1187.  The Court explained that "[w]hile the corporation can only communicate with its attorneys through human representatives, those representatives are communicating on behalf of the corporation, not on behalf of themselves as corporate managers or directors." *Id*.  The same rationale is applicable here, where the Fund's trustees are the Fund's representatives and voice, but they represent and speak on behalf of the Fund, not on behalf of themselves individually.

Thus, like managers and directors of corporations, trustees of a fund should only be permitted to waive privilege on behalf of the fund "in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals." *See Commodity Futures Trading Comm. v. Weintraub*, 471 U.S. 343, 348-49 (1985) (regarding corporations).  Plaintiffs cannot argue that they were acting in the Fund's best interest when they

3

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

publicly filed the Privilege Memorandum in connection with the Fund's motion. When, like here, trustees are "dissident," they have no authority to waive privilege on behalf of the fund. *See, e.g.*, *Montgomery*, 548 F. Supp. at 1187 (adopting the rationale set forth in *Milroy v. Hanson*, 875 F.Supp. 646, 649 (D. Neb. 1995) that "dissident" directors have no authority to waive a corporations' attorney-client privilege, since their interests are adverse to those of the corporation).

A case from the United States District Court for the Northern District of California is instructive here. *See Galli v. Pittsburg Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 119618, at *10 (N.D Cal. Oct. 26, 2010). In *Galli*, the plaintiff, a former employee of the Pittsburg Unified School District ("PSUD") sued PSUD for "financial improprieties." *Id.* at *2. Plaintiff provided PSUD with a witness list identifying a member of the Board of Trustees of PSUD as a witness. *Id.* at *5. That trustee signed a declaration for the plaintiff, attaching a memorandum written for PSUD by PSUD's lawyers. *Id*. at *5. The memorandum was captioned "in bold lettering: **'Attorney-Client Privilege and Confidential.'**" *Id*. at *8. The court held that the plaintiff was not entitled to have or use the privileged document and that "when [the trustee] disclosed the memo…he was acting contrary to his fiduciary duties as a Board member and was acting without any authorization from the Board." *Id*. at *11. The court stated that the trustee "was not authorized to waive the privilege over the memo[randum]." *Id.* The Court should reach the same result here. The Fund did not authorize Plaintiffs — all of whom are trustees who represent the Fund and are required to act in the Fund's best interests — to waive the Fund's privilege or to disclose, by public filing, the Privileged Memorandum or any other privileged documents or information. Put simply, Plaintiffs had no authority to waive the Fund's privilege.

**B.    The Authority Plaintiffs Rely On To Try To Excuse Their Unlawful Disclosure Of The Fund's Privileged Material Is Wholly Inapposite.**

4

Defendants' counsel asked Plaintiffs to cure their unlawful disclosure of the Fund's privileged material. (*See* Rust Decl., Ex. B.) In response, Plaintiffs refused to do so and cited three cases purportedly giving them the power to waive the Fund's privilege. Each case is inapposite and contrary to Plaintiffs position.

Plaintiffs first cite *United States v. Evans*, 796 F.2d 264 (9th Cir. 1986). *Evans* was a criminal case against a pension plan trustee who was accused and convicted of defrauding a plan. *Id*. at 264. During the prosecution's case, the Court permitted the government to call the plan's lawyer as a witness. *Id.* at 265. The Court rejected the defendant's privilege objection, holding that "[t]here is no attorney-client privilege between a pension trustee and an attorney who advises the trustee regarding the administration of the plan." *Id*. at 266. The holding of *Evans* is further evidence that Plaintiffs are not the holders of a privilege and have no authority to waive such privilege. Rather, the privilege belongs to the Fund; only the Fund can waive it. Further, it does not appear that the pension plan in *Evans* objected to the disclosure of its privileged material as the Fund does here.

Plaintiffs also cite *United States v. Mett*, 178 F.3d 1058 (9th Cir. 1999), another criminal case involving defendants who, while pension plan trustees, engaged in improper transactions involving the plan. *Id.* at 1060. Like *Evans*, the case had nothing to do with whether a plan trustee has authority to waive a plan's privilege. Rather, *Mett* involved whether the criminal defendants asserted a valid claim of privilege over memoranda written by their attorneys. *Id*. at 1061. The privilege was not clear because the defendants' attorneys had, at certain times, served as counsel to the defendants in their individual capacities and, at other times, served as counsel to the defendants in their roles as plan trustees. *Id*. at 1062. The defendants' attorneys had also served as counsel to the plan itself. *Id*. Thus, the court in *Mett* had to determine in which capacity the defendants' attorney was serving when he issued the memoranda to the defendants. *See id*. at 1064-5. The court held that the memoranda were

privileged and should not have been disclosed during trial because they were prepared by defendants' counsel in his capacity as their individual representative. *Id*. at 1066.  Here, the Fund's counsel has never represented any of the Plaintiff Fund trustees in his or her individual capacity. *See Toussaint v. James*, 2003 WL 21738974, at *8 (S.D.N.Y. July 25, 2003) (in an action by former trustees of a retirement plan against the plan's former counsel for the plan, the court held that "[c]ounsel for pension plans do not, *ipso facto*, become counsel for trustees, as a pension plan is considered a distinct legal entity and may sue or be sued in its own capacity").

*In re Long Island Lighting Co.*, 129 F.3d 268 (2d Cir. 1997), the last case Plaintiffs cite, also is inapposite.  The court in *Long Island Lighting* was faced with the question of whether an employer can assert privilege over documents requested by plan participants or beneficiaries regarding the administration of a plan. *Id*. at 270.  The court held that an "ERISA fiduciary must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan." *Id*. at 272.  This holding is utterly irrelevant here.  Plaintiffs did not disclose the Privileged Memorandum or the contents thereof to plan participants who were seeking information regarding the administration of the Fund's plans, they disclosed a privileged document in a public filing so that Caesars could access it.  That document was clearly marked "**PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT**" and was prepared in anticipation of possible litigation against Caesars.  This is exactly the sort of privileged communication that is protected from disclosure.

    **C.**    **Plaintiffs Had No Good Faith Or Valid Basis To Disclose The Fund's Privileged Material.**

The Privileged Memorandum contains legal advice provided to the Fund in connection with the Fund's consideration of whether to expel the Caesars Subsidiaries from the Fund's Legacy Plan.  Plaintiffs had no good faith basis to place the Privileged Memorandum or a

6

discussion thereof into the public domain. To be sure, the Privileged Memorandum will not assist the Court in determining the issues raised in Defendants' Motion to Dismiss, *i.e.*, issues involving venue and *forum non conveniens*.

Under ERISA, the four bases for venue are: (1) where "the plan is administered," (2) "where the breach took place," (3) "where a defendant resides" and (4) where a defendant "may be found." Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). The Privileged Memorandum has no bearing on those matters. To determine *forum non conveniens*, the Court must weigh the following eight factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witness, [and] (8) ease of access to sources of proof." *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2011 U.S. Dist. LEXIS 103170, at *5 (D. Nev. 2011).) The Privileged Memorandum has no bearing on those matters either.

The Privileged Memorandum does concern, however, issues raised by Caesars in separate litigations against the Fund. Caesars has sued the Fund in the United States District Court of the Southern District of New York regarding the Fund's decision to expel the Caesars Subsidiaries. Caesars also commenced an Adversary Proceeding against the Fund in a bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Illinois – Eastern Division concerning the Fund's expulsion of Caesars from the Fund's Legacy Plan. Thus, while no person or entity outside of the Fund should have access to the Privileged Memorandum or the contents discussed therein, Caesars in particular should not have access to that material. Yet, Plaintiffs — who appear to be working closely with Caesars in this

7

and other litigations against the Fund (*see* Rust Decl. ¶ 6) — have made the Privileged Memorandum accessible to Caesars by publicly filing it on the Court's ECF System.

Given that the contents of the Privileged Memorandum have no bearing on whether venue is proper in Nevada or whether this action should be transferred to a different venue, the only plausible conclusion one can make is that Plaintiffs disclosure was made in bad faith and solely for the benefit of Caesars.

## II. THE COURT SHOULD SANCTION PLAINTIFFS FOR KNOWINGLY DISCLOSING THE FUND'S PRIVILEGED DOCUMENTS IN BAD FAITH.

A federal court has inherent power to levy sanctions, including attorney's fees, " when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons…." *Montgomery v. Etreppid Techs., LLC*, 2009 U.S. Dist. LEXIS 35543, at *59 (D. Nev. 2009). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as…an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). An improper purpose includes "an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case." *Id.* at 994.

Sanctions against Plaintiffs are appropriate here because Plaintiffs' conduct is egregious. Plaintiffs have knowingly and intentionally violated the oldest, most sacred privilege in breach of their fiduciary obligations to the Fund to benefit a third party in separate litigations against the Fund. The Court should not countenance such conduct. Further, when given the opportunity to cure their unlawful disclosures, Plaintiffs refused. Accordingly, the Court should issue sanctions that would both reprimand Plaintiffs and discourage future litigants from engaging in such misconduct. *See Montgomery*, 2009 U.S. Dist. LEXIS 35543, at *61.

## IV. CONCLUSION

For the reasons set forth above, the Court should enter an order (1) directing Plaintiffs to immediately remove Plaintiffs' Opposition to Defendants' Motion to Dismiss

8

("Plaintiffs' Opposition") and the Declaration of John W. Wilhelm (the "Wilhelm Decl.") from Court's ECF System and (2) prohibiting Plaintiffs from any further dissemination of the Fund's privileged documents or information.  The Court also should use its inherent power to sanction Plaintiffs for their bad faith conduct, so long as doing so will not affect Defendants' motion to dismiss for lack of venue or to transfer on *forum non conveniens* grounds.

DATED this 6th day of May 2015.

TALEAH E. JENNINGS, Esq.

By:     /s/ Taleah E. Jennings

TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000

DAVID J. MERRILL
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935

Attorneys for Defendant
National Retirement Fund

9

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 6th day of May 2015, service of the foregoing Emergency Motion For an Order Directing Plaintiffs To Remove Defendants' Privileged Material From The Public Domain And Prohibiting Plaintiffs From Further Improper Dissemination Of That Material was made to all counsel in the action through the Court's CM/ECF system.

By: /s/ Taleah E. Jennings
Taleah E. Jennings

10