RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000
Fax. (212) 593-5955

DAVID J. MERRILL, Esq.
Nevada Bar No. 6060
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com

Attorneys for Defendant
National Retirement Fund

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wilhelm, et al.<br><br>              Plaintiffs,<br><br>      vs.<br><br>Beasley, et al.<br>              Defendants. | Case No.: 2:15-cv-00245-APG-VCF |

**DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Plaintiffs[1] have failed to satisfy their burden that Nevada is the proper venue for the

parties' dispute.  Even assuming, *arguendo*, that Plaintiffs could establish proper venue (they

cannot), Defendants'[2] have demonstrated that it would be significantly more convenient for the

_____

[1]     Plaintiffs include eleven of the Fund's Trustees:  John Wilhelm, Bill Biggerstaff, Donna DeCaprio, Enrique Fernandez, Bill Granfield, Warren Heyman, Marvin Jones, Bob McDevitt, Warren Pepicelli, Richard Rumelt and Henry Tamarin.

[2]     Defendants include the National Retirement Fund (the "Fund") and twenty-five of the Fund's Trustees (the "Defendant Trustees").  The Defendant Trustees include Noel Beasley, Harold Bock, Gary Bonadonna, Lynne Fox, Jean Hervey, Julie Kelly, Wilfredo Larancuent, David Melman, Richard Monje, Harris Raynor, Edgar Romney, Cristina Vazquez, Teresa Wood, John Agnello, James Brubaker, John Fowler, Tod Greenfield, Robert Kovacs, Richard Kuether, Peter Lindenmeyer, Brian McGrath, Michael Montelongo, Homi Patel, Steven Thomas and Timothy Weiler.

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

parties and witnesses for this dispute to be heard in the United States District Court for the Southern District of New York, where two related cases involving many of the same parties and issues are currently pending.

DATED this 11 day of May 2015.

SCHULTE ROTH & ZABEL LLP

By:     /s/ Taleah E. Jennings
        RONALD E. RICHMAN, Esq.
        (*admitted pro hac vice*)
        TALEAH E. JENNINGS, Esq.
        (*admitted pro hac vice*)
        Schulte Roth & Zabel LLP
        919 Third Avenue
        New York, NY 10022
        Tel. (212) 756-2000

        DAVID J. MERRILL, Esq.
        David J. Merrill, P.C.
        10161 Park Run Drive, Suite 150
        Las Vegas, Nevada 89145
        (702) 566-1935

        Attorneys for Defendant
        National Retirement Fund

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The District of Nevada has no venue over this dispute.  The Employee Retirement Income Security Act of 1974, as amended ("ERISA") contains a special venue provision that permits plaintiffs to commence an action in a jurisdiction only if (1) the plan is administrated there, (2) the breach took place there, or (3) the defendants resides or may be found there." Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).  Plaintiffs have not, and cannot, satisfy any of those requirements.

Defendant, the National Retirement Fund (the "Fund), is a multiemployer pension plan administered in New York and Rhode Island.  (Defendants' Motion to Dismiss ("Def. Mot.") at 7.)  It is managed by twenty-four trustees selected by two participating unions (the "Union Trustees") and twenty-one trustees designated by employers that contribute to the Fund (the "Employer Trustees").  (Compl. ¶ 25.)  Plaintiffs are comprised of eleven Union Trustees whose interests are aligned with employers in the gaming industry and who have commenced this lawsuit because they do not like the result of a Fund decision, made by majority trustee vote of both the Union and Employer Trustees, to expel certain subsidiaries of Caesars Entertainment Corporation (the "Caesars Subsidiaries") from one of the Fund's pension plans.  Of the Union Trustees, thirteen voted in favor of expelling the Caesars Subsidiaries and eleven voted against it. (Compl. ¶ 25.)  The Employer Trustees voted overwhelmingly in favor of expelling the Caesars Subsidiaries (13-6).  (*Id*.)  Plaintiffs lost the vote and have now sued the Fund and the trustees who voted against them.  Defendants have raised only two issues in the instant Motion to Dismiss:  (1) whether venue is proper in the District of Nevada and (2) whether the case should, in the alternative, be transferred to the Southern District of New York.

In Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls. Opp."), Plaintiffs rant at length about the merits of this case and makes strained efforts to link the dispute

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

1

involved here to events in Nevada.  (*See, e.g.*, Pls. Opp. at 1, 7-11.)  In doing so, they try to paint Defendants as the "bad actors" and themselves as the protectors of Nevada-based entities (*i.e.*, Caesars Entertainment Company and/or its affiliates ("Caesars") and Nevada-based participants and beneficiaries of the Fund.  Plaintiffs' motives behind this lawsuit, however, are not altruistic. They are working with Caesars to launch a multi-district attack against the Fund.  Indeed, they are seeking — in this action — to enjoin the Fund from serving on the Unsecured Creditors Committee in Caesars' separate bankruptcy proceeding.  (*See* Compl., at Request for Relief ¶ 5.) They also publicly, and unnecessarily, filed a privileged and confidential memorandum from the Fund's counsel in their opposition to the instant motion to dismiss, apparently to provide Caesars' with access to the document.  (*See* Decl. of John W. Wilhelm, executed on April 29, 2015, at Exhibit 5.)  Not surprisingly, that document has now been filed by Caesars' in support of its case against the Fund in bankruptcy court.  *See* <u>In re Caesars Entertainment Operating Company LLC et al.</u>, No. 15-00131 (ABG) (Bankr. N.D. Ill.) Document No.35 on the case docket, filed May 11, 2015.

Plaintiffs' attempt to use the Nevada courts in furtherance of a multi-district attack against the Fund violates ERISA's venue provision.  Put simply, this case involves a dispute between trustees over a decision made by a multiemployer pension plan administered in New York and Rhode Island.  The dispute arises out of the Fund's activities in New York and Rhode Island and has no place in Nevada.  Not a single one of the thirty-seven parties in this action resides in Nevada.  The only party alleged to have any contact with Nevada is the Fund, and even that contact is minimal.  In fact, of the Fund's more than 400,000 participants and beneficiaries, only approximately one percent resides in Nevada and none of those Nevada-based individuals are parties in this proceeding.  Further, Plaintiffs do not allege that any of the Fund's purported breaches occurred in Nevada.  Ironically, the very entities on whose behalf Plaintiffs claim they commenced this action (Caesars and the Caesars Subsidiaries) sued the Fund, seeking some of

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

the same relief as that sought here, in the Southern District of New York.  If this case belongs anywhere, it belongs in the Southern District of New York, where two related cases are currently pending before the same District Court Judge.

## ARGUMENT

### I.      PLAINTIFFS HAVE NOT SATISFIED THEIR BURDEN TO ESTABLISH VENUE IN THIS JURISDICTION.

It is Plaintiffs burden to establish venue.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff has the burden of showing that venue was properly laid"); *Nat'l Fitness Co. v. Procore Labs., LLC*, 2011 U.S. Dist. LEXIS 65416, at *2-3 (D. Nev. 2011) ("plaintiff bears the burden of sustaining venue upon motion by the defendant").  In an attempt to lighten their burden, Plaintiffs argue that venue under ERISA is viewed liberally.  (Pls. Opp. at 13.)  However, while ERISA provides various ways to establish venue, plaintiffs must still satisfy ERISA's venue provision.  *See Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); *see Toy*, 2005 U.S. Dist. LEXIS 21568, at *7 ("Despite [the] Congressional policy of open access to the federal courts, a litigant is not free to bring an ERISA action in any district court.").

Plaintiffs have attempted to satisfy ERISA's venue requirements by trying to demonstrate that (1) the Fund "may be found" in Nevada and (2) the alleged breach took place in Nevada.[3]  (*See* Pls. Opp. at 14, 20; *see also* Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).)  Plaintiffs' efforts fail.

### A.      Plaintiffs Have Not Demonstrated That The Fund "May Be Found" In Nevada.

Plaintiffs concede that the law established in the Ninth Circuit Court of Appeals case, *Varsic v. United States Dist. Court for Cent. Dist.*, 607 F.2d 245 (1979), controls here.

---

[3]      Plaintiffs do not allege or argue that the Fund is administered in Nevada or that any defendant resides in Nevada, which also would establish venue under ERISA.  *See* Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

(Pls. Opp. at 14.)  Plaintiffs also concede that to establish venue by showing that the Fund "may be found" in Nevada, *Varsic* requires them to demonstrate that the Court has either specific jurisdiction or general jurisdiction over the Fund.  (*Id.* at 15 & n.8.)

### 1.    Plaintiffs Have Not Demonstrated Specific Jurisdiction.

Plaintiffs argue that they can satisfy ERISA's "may be found" provision for venue because the Court has specific jurisdiction over the Fund.  (Pls. Opp. at 16.)  In doing so, Plaintiffs rely on the wrong standard.  Quoting from *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984), Plaintiffs state that specific jurisdiction exists "when a case [sic] arises out of or relate[s] to the defendant's contacts with the forum."  (Pls. Opp. at p. 16 (Plaintiffs' emphasis).)  The specific jurisdiction standard articulated in *Helicopteros* — a wrongful death case — did not concern ERISA's "may be found" venue provision and is inapplicable here.  466 U.S. at 410.  The court in *Varsic*, which Plaintiffs concede controls here, made clear that specific jurisdiction over defendants does not exist under ERISA's "may be found" venue provision unless, *inter alia*, the claim arises out of the defendant's forum-based conduct.  607 F.2d at 249.  It is insufficient to show that the claim merely "relates" to defendant's conduct in the forum, as Plaintiffs suggest.

As set forth in Defendants' opening papers, *Varsic* requires Plaintiffs to satisfy a three-prong test to establish specific jurisdiction under ERISA's "may be found" provision. (Def. Mot. at 13.)  Plaintiffs must establish that (1) the defendant "must purposely avail himself of the privilege of conducting activities in the forum," (2) the claims must arise out of the forum-related activities and (3) the "exercise of jurisdiction must be reasonable."  *Varsic*, 607 F.2d at 249.  Although Plaintiffs concede that *Varsic* "controls the outcome of Defendants' 12(b)(3) motion," (Pls. Opp. at 15), Plaintiffs ignore *Varsic*'s three-prong test and do not address Defendants' argument that Plaintiffs failed to satisfy the second and third prongs of this test. (*See* Def. Mot. at 14.)

Instead, Plaintiffs try to discredit Defendants' interpretation of *Varsic*. Defendants argued that the plaintiffs in *Varsic* were able to satisfy the second and third prongs of specific jurisdiction pursuant to ERISA's "may be found" provision because plaintiffs' claims "directly involve[d] the Fund's activities in [the forum state]", *i.e.*, plaintiffs were plan participants and beneficiaries who received plan payments in the forum state, worked for an employer in the forum state and asserted claims based on allegations that they were denied benefits that they should have received in the forum state. (Def. Mot. at 13-14.) Plaintiffs argue that two cases, *Voluntary Employees Beneficiary Ass'n for Employees of Indep. Elec. Supply, Inc. v. Ross*, No. C-94-1794 MHP, 1994 WL 544481 (N.D. Cal. Sept. 22, 1994) and *Trustees of Hotel Employees & res. Employees Int'l Union Welfare Pension Fund v. Amivest Corp.*, 733 F. Supp. 1180, 1183 (N.D. Ill. 1990), reject that interpretation. (Pls. Opp. at 18.) The cases do no such thing. The defendant challenging venue in *Voluntary Employees Beneficiary Ass'n* was not even a pension plan. 1994 WL 544481 at *1. In that case, the plan was the plaintiff. The court found that the defendant, an insurance broker who invested the plan's assets in annuity contracts, could be "found" within the jurisdiction. *Id*. at *2. The case had nothing to do with a plan "found" in a forum state based on its provision of benefits there. The same is true with regard to *Amivest*, which involved claims brought by a plan against an investment manager. 733 F. Supp. at 1180.

Plaintiffs also dispute propositions that Defendants did not advocate. For example, Plaintiffs state that Defendants argued "that the only contacts with the forum state that count are the *plaintiffs*." (Pls. Opp. at 17 (Plaintiffs' emphasis).) Defendants' have not taken that position.[4] Plaintiffs also argue that Defendants have tried to limit the specific jurisdiction

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

_____

[4]      Plaintiffs' citations to cases purportedly addressing the argument Plaintiffs' falsely state Defendants made are irrelevant. (*See* Pls. Opp. at 17-18 (*citing Madison v. Dyal*, 746 F.Supp.2d 450 (W.D.N.Y. 2010), *Contreras v. Mahan*, No. 09-CV-0019-H (WMC), 2010 WL 935659 (S.D. Cal. Mar. 12, 2010) and *Hunt v. Conroy*, No. 1:13-CV-1493, 2014 WL 1513871, 5 (N.D.N.Y. Apr. 16, 2014).)

available under *Varsic* to cases in which plan participants are suing for a denial of benefits. (Pls. Opp. at 18.) That, too, misrepresents Defendants' arguments. Defendants argued that, in this case, which was brought by plan trustees, Plaintiffs cannot satisfy the second prong of *Varsic* because the alleged breach, *i.e.*, the Fund's decision to expel Caesars, does not arise out of the Fund's conduct in Nevada. (Def. Mot. at 8-10.) If Plaintiffs were suing for alleged wrongdoing that arose out of the Fund's conduct in Nevada, *e.g.*, if they were suing for the Fund's failure to provide certain benefits to Nevada-based residents, they may be able to satisfy that prong. Plaintiffs' claims in this case, however, do not arise out of any activities the Fund did or was obligated to do in this jurisdiction.[5]

Plaintiffs' other arguments fail to pass *Varsic*'s three-prong hurdle for specific jurisdiction. Plaintiffs assert that Defendants should not be surprised that their decision to expel a Nevada-based employer from one of its plans would lead to litigation in Nevada. (Pls. Opp. at 16.) That is not the test under *Varsic*. Defendants have every reason to be surprised that eleven of the Fund's trustees (none of whom reside in Nevada) commenced litigation in Nevada against the Fund, which they know is administered more than 2500 miles outside of Nevada, and against twenty-five other Fund trustees (also none of whom reside in Nevada) regarding a decision made more than 2500 miles outside of the Nevada by the Fund pursuant to a vote involving forty-three individuals who do not reside in Nevada. Plaintiffs also argue that the Fund has been a party to lawsuit in various jurisdictions. (Pls. Opp. at 17.) That fact is utterly irrelevant to the *Varsic* test.

2.      Plaintiffs Have Not Demonstrated General Jurisdiction.

---

[5]      Plaintiffs cite *Winnett v. Caterpillar Inc.*, No. 3:06-CV-00235 2006 WL 1722434, at *4 (M.D. Tenn. June 20, 2006) to argue that ERISA's venue provisions should benefit all plaintiffs, not just plan participants. (Pls. Opp. at 18.) Defendants do not dispute that. However, regardless of the type of plaintiff, all ERISA plaintiffs must demonstrate proper venue under ERISA. *See* Section 502(e)(2), 29 U.S.C. § 1132(e)(2). Plaintiffs have simply failed to satisfy ERISA's requirements for venue.

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

At the tail end of a lengthy footnote that spans two pages, Plaintiffs state — without any explanation or discussion — that Nevada also has general jurisdiction over the Fund.  (Pls. Opp. at 19-20 n. 9.)  Not so.  As set forth in Defendants' opening papers (at 12-13), to establish general jurisdiction under ERISA's "may be found" venue provision, a plaintiff must show that defendants' activities within a state are "substantial" or "continuous and systematic."  *Varsic*, 607 F.2d at 249.  Plaintiffs have not made any such allegations.

In their opening papers (at 12-13), Defendants identified other federal courts expressly following *Varsic* that established that where, like here, a plan has participants who are residents of a forum state, but those participants are not parties to the action, there are no "substantial" and "continuous" contacts sufficient to support a finding of proper venue.  *See Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 810-811 (7th Cir. 2002); *see, e.g.*, *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 2005 U.S. Dist. LEXIS 21568, at *7 (E.D. Pa. 2005) (in a claim asserted by a pension fund's participants for the denial of benefits, the plan's activities in Pennsylvania were not "substantial" for venue purposes even though thirty-seven percent of the contributing employers had addresses in Pennsylvania, some of the plan's beneficiaries resided in Pennsylvania and the plan's attorney and actuarial firm were located in Pennsylvania, because none of the plaintiffs were residents of Pennsylvania and the plan's decision to deny benefits was not made in Pennsylvania); *Seitz v. Board of Trs. Of the Pension Plan of the N.Y. State Teamster Conf. Pension & Retirement Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) ("the fact that there are or were contributing employers and retirees receiving benefits in this district, other than the Plaintiffs, is not sufficient to satisfy the minimum contacts test nor the three prong test set by the *Varsic* Court").

Plaintiffs quibble that *Waeltz*, *Toy* and *Seitz* are "out-of-circuit cases" and state that they are "readily distinguishable," but then do not attempt to distinguish them.  (*See* Pls. Opp. at 19 (summarizing, but not distinguishing *Waeltz*, *Toy* and *Seitz*).)  Instead, Plaintiffs stuff

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

7

into a 16-line footnote a string of other "out-of-circuit" cases that they argue reject the reasoning in the *Waeltz*, *Toy* and *Seitz* decisions.  (*Id.*)  None of the cases do as Plaintiffs assert.

The Court in *Flowers Indus., Inc. v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 565 F. Supp. 286 (N.D. Ga. 1983) did not even involve ERISA's venue provision. In that case, the court determined that because the action involved a constitutional challenge to ERISA's withdrawal liability statute, ERISA's venue provision did not apply.  *Id.* at 289.  The court evaluated venue under 28 U.S.C. § 1391(b), the general venue statute governing federal question jurisdiction.  *Id.*  Similarly, *Burger King v. Rudzewicz*, 471 U.S. 462 (1985) was not an ERISA case and the court did not evaluate venue under ERISA.

The court in *Moore v. St. Paul Companies, Inc.*, No. CIV. A. 94-1329, 1995 WL 11187, at *3 (D.N.J. Jan. 3, 1995) reiterated the requirement that, to establish general jurisdiction under ERISA's venue provision, plaintiffs "must show continuous and substantial contacts with the forum state" and noted that "[s]ignificantly more of a connection to the forum is required to establish general jurisdiction."  The plaintiffs in *Moore* were plan participants who sued for the alleged denial of benefits in the jurisdiction where they received benefits.  *Id.* at *4-5.  Thus, *Moore* is consistent with the holdings in *Waeltz*, *Toy* and *Seitz*.

### B.     Plaintiffs Have Not Alleged That Any Breaches Occurred In Nevada.

Plaintiffs argue that venue is proper under ERISA's special venue provision because they have purportedly alleged a breach that "will occur" in Nevada.  (Pls. Opp. at 20.) Specifically, they argue that their allegations that Caesars <u>may</u> take certain actions in the future will result in plan participants to stop earning vesting credit.  (Pls. Opp. at 20-21.)  Plaintiffs then conclude that this case involves the "denial of benefits."  Nothing could be further from the truth.  Plaintiffs have not alleged that a single plan participant residing in Nevada has been denied benefits.  And, no plan participant employed by the Caesars Subsidiaries has sued the

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

1   Fund for any alleged denial of benefits.  (Declaration of Richard N. Rust, dated May 11, 2015

2   ("Rust Decl.") at ¶ 6.)

3          Moreover, Caesars has agreed to not take the actions Plaintiffs claim could cause

4   harm to the plan participants and beneficiaries in Nevada.  (*Compare* Opp at 20-21 (pointing to

5   allegations that if the Caesars [Subsidiaries] cease contributing … the [plan participants] would

6   cease earning vesting credits" and could "lose the ability to receive future benefit accruals") *with*

7   Standstill Agreement (Rust Decl., Exhibit A at 3(d) (Caesars' agreement to continue making its

8   monthly contributions).)  Further, Caesars' decision to cease contributing to the Adjustable Plan

9   is subject to the collective bargaining process between Caesars and UNITE HERE.

10         In any event, Plaintiffs cannot demonstrate venue based on what they allege may

11  happen upon some further indefinite circumstance.  ERISA does not provide for venue based on

12  an act that may, upon some future even, have an impact in the forum state.  *See* Section 502(e)(2)

13  of ERISA, 29 U.S.C. § 1132(e)(2).

14  **II.    ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED
           FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES.**

15         The Court has broad discretion "to adjudicate motions for transfer according to an

16  individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC*

17  *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Plaintiffs have commenced this case in the

18  wrong venue.  If the Court decides not to dismiss this case, it should be transferred to the

19  Southern District of New York.

20         **A.    Plaintiffs Admit That This Case Is Related To A
                   Case Pending In The Southern District Of New York.**

21         Plaintiffs' opposition completely ignores the fact that they already have stated on

22  the civil cover sheet filed with the Complaint that this case is related to a case against the Fund

23  that is pending in the Southern District of New York.  *see* Civil Cover Sheet (Document No.1-2

24  on the case docket, filed Feb. 11, 2015).  It is ironic that that case was brought by the very same

9

"Nevada-based entities" on whose behalf Plaintiffs claim they are seeking to protect.  (*See* Pls. Opp. at 11.)  That case will address many of the same factual and legal involved in this action.

Both cases concern the Fund's decision to expel the Caesars Subsidiaries from its Legacy Plan and the Fund's ability to make that decision.  It would be inefficient for the parties to litigate the same issues in separate proceedings.  Indeed, doing so could create a real risk of inconsistent judgments, a significant factor in a convenience analysis. *See Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982) (granting transfer and stating that "[l]itigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results," and "the feasibility of consolidation is a significant factor in deciding a transfer motion").  Those risks are of particular concern here, where some of the ultimate relief sought in each case is the same.  (*See* Opp. at 13 (describing the relief sought by Caesars in the Southern District of New York action as "a declaratory judgment that the Fund does not have authority … to refuse contributions from the Caesars [Subsidiaries] and thereby cause involuntary withdrawal"); *see also* Compl., Request for Relief at ¶¶ 1-2 (requesting a declaration that the Fund's expulsion of the Caesars Subsidiaries from the Legacy plan is null and void and an order requiring the Fund to accept contributions from the Legacy Plan).)

Caesars commenced litigation in the Southern District of New York well before Plaintiffs filed this action and the issues in all related cases should be adjudicated there. Plaintiffs' suggestion that Caesars' case in the Southern District of New York has been stayed is incorrect.  (*See* Opp. at 27-28.)  In fact, just the opposite is true.  The Standstill Agreement that Caesars entered into on March 20, 2015 specifically states that "[n]othing in this Agreement shall be construed to limit the rights of the Parties in, or the powers of the courts in, the actions captioned <u>Caesars Entertainment Corporation v. Pension Plan of the National Retirement Fund, et al.</u>, Civil Action No. 15-CV-00138, in the United States District Court for the Southern

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

10

1   District of New York … and <u>Wilhelm, et al. v. Noel Beasley, et al., Civil Action No. 2:15-cv-</u>

2   <u>00245, in the United States District Court for the District of Nevada.</u>  (Rust Decl., Ex. A at 4(h).)

3   On May 6, 2015, Caesars began serving the Fund and other defendants (albeit, some improperly)

4   in the action pending in the Southern District of New York.  (Rust Decl. at ¶ 8.)

**B.   Plaintiffs Have Not Overcome Defendants' Strong Showing That The
Southern District of New York Would Be A More Convenient Forum.**

7   The Ninth Circuit considers eight factors to determine whether to transfer a case

8   pursuant to 18 U.S.C. § 1404(a).  *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2011

9   U.S. Dist. LEXIS 103170, at *5 (D. Nev. 2011).  In their opening papers, Defendants articulated

10  why each of those eight factors weigh in favor of transferring this case to the Southern District of

11  New York.  (Def. Mot. at 18-21.)

12  1.   Plaintiffs Apparently Concede, Through Silence,
       <u>That Two Of The Eight Factors Weigh In Favor Of Transfer.</u>

14  Plaintiffs completely disregard two of the eight factors, *i.e.*, "the respective

15  parties' contacts with the forum" (factor four) and "the contacts relating to the plaintiff's cause

16  of action in the forum" (factor five).  Plaintiffs also ignore Defendants' arguments regarding why

17  those factors weigh in favor of transfer.  As set forth in Defendants' opening papers, not a single

18  one of the thirty-seven parties in this action reside in Nevada.  (Def. Mot. at 19-20.)  The only

19  party alleged to have any contact with Nevada is the Fund (and those contacts are minimal).

20  (*Id.*)  Of the Fund's more than 400,000 participants and beneficiaries, approximately one percent

21  reside in Nevada.  Only three-hundred seventy-two (372) total individuals work for Caesars in

22  Nevada.  (Def. Mot. at 19-20; Rust Decl. at ¶ 5.)  Of the remaining one percent of participants

23  who work for Caesars, 2887 work for Caesars in New Jersey and four-hundred eighty-two (482)

24  work for Caesars in Pennsylvania.  (*Id.*)  None of the Nevada-based participants and

25  beneficiaries are parties in this proceeding and Plaintiffs do not allege that any of the Fund's

26  purported acts occurred in Nevada.  (Def. Mot. at 19-20.)  Further, Caesars is only <u>one</u> of the

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

Fund's approximately eight-hundred fifty (850) contributing employers. (Rust Decl. at ¶ 4.) Moreover, of the five Caesars Subsidiaries that the Fund expelled from its Legacy Plan only one is a Nevada entity. (*See* Declaration of Taleah E. Jennings, executed on May 11, 2015 ("Jennings Decl."). Of the others, two are Delaware corporations, one is a Pennsylvania entity, one is a New Jersey entity. (*Id.*, Exs. A-E.)

Plaintiffs' silence regarding those factors speaks volumes. The Court should conclude that the factors weigh strongly in favor of transfer. *See, e.g., Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007) (where "Defendant does not address [a] factor [regarding transfer for the convenience of the parties and witnesses] or dispute plaintiff's characterization" of that factor, the court will "assume for the purposes of [the] motion that the [factor] favors plaintiffs"); *United States v. Rivera-Jurado*, 2011 U.S. Dist. LEXIS 147238, at *10 (D. N.H. 2011) (where "Defendant does not address [a] factor" that is relevant to the transfer of a criminal case, "the court will presume that it points in [plaintiff's] favor").

1. Plaintiffs Fail To Dispel Defendants' Showing
   That The Other Six Factors Weigh In Favor Of Transfer.

Plaintiffs argue that the first factor, "the location where the relevant agreements were negotiated and executed" — which in this case is the location where the Fund decided to expel Caesars and the Fund's acts taken in furtherance thereof (*e.g.*, meetings to discuss the possible expulsion) — cannot support transfer because the vote was made by telephone. (Pls. Opp. at 23.) Plaintiffs' argument ignores the various meetings leading up to the telephone vote, some of which occurred in the Southern District of New York. (*See* Def. Mot. at 18.) Indeed, the only in-person meeting took place in the Southern District of New York. (*See id.* at 6.) Plaintiffs also dismiss the fact that the Fund sent letters to Caesars informing them of the Fund's decision from New York, because the letters were sent to Nevada. (Pls. Opp. at 23.) Plaintiffs,

however, have accused Defendants of breaching their fiduciary obligations by deciding to expel Caesars and taking actions in furtherance thereof.  (Compl. ¶¶ 79-87.)  Caesars' receipt of the Fund's expulsion notice is irrelevant to Plaintiffs' claims.

Regarding the second factor, "the state that is most familiar with the governing law," Plaintiffs accuse Defendants of arguing that this Court is "not as competent" as the Southern District of New York.  (Pls. Opp. at 23-24.)  Defendants neither said, nor implied, any such thing.  Defendants stated unambiguously that both districts are presumed "equally familiar" with ERISA matters.  (Def. Mot. at 18-19.)  Defendants also stated — and Plaintiffs have not denied — that the Southern District of New York has heard twelve times as many ERISA cases than the District of Nevada since 1980.  (Def. Mot. at 19.)  Plaintiffs also do not deny that the Southern District of Nevada hears exponentially more ERISA cases than Nevada, but dismisses that fact because the Southern District of New York has a larger docket and more judges.  (Pls. Opp. at 23-24.)

The third factor concerns Plaintiffs' "choice of forum."  Defendants argued that Plaintiffs' choice should be given little deference because (1) "the operative facts have not occurred within the forum"; (2) "the forum has no interest in the parties or the subject matter"; (3) Plaintiffs are not residents of Nevada and (4) Plaintiffs brought this suit in a representative capacity purportedly to protect the interests of Caesars and Nevada-based participants and beneficiaries.  (Def. Mot. at 19 (citing and quoting case law).)

Plaintiffs do not dispute that "the operative facts have not occurred within the forum.  Nor do Plaintiffs dispute that they are not residents of Nevada.  Plaintiffs also do not argue that Nevada has an interest in the parties or the subject matter of this case.  Rather, Plaintiffs argue that the Southern District of New York similarly has no interest.  (Pls. Opp. at 24.)  In fact, the Southern District has an interest in both the parties and the outcome of this case. The Fund is administered in New York and the Southern District of New York is currently

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

13

presiding over a related case in which the Fund is a defendant concerning some of the very same issues involved in this case.  (Def. Mot. at 7, 19-20.)  *Reyes v. Bakery & Confectionery Union & Indus. Intl Pension Fund*, No. 14-cv-05596-JST, 2015 WL 1738269 (N.D. Cal. Apr. 9, 2015), a case Plaintiffs cite in support of their assertion that the Southern District of New York has no interest in this case, is inapposite.  The court in *Reyes* found that the interests of two states, California and Maryland, were equal because the plaintiff, a plan participant, was challenging a plan amendment that affected participants all over the country.  *Id*. at *3.  Plaintiffs in this action are challenging a decision made by a Fund administered in the Southern District of New York and the actions leading up to that decision, some of which took place in the Southern District of New York.

Oddly, on p. 25 of Pls. Opp., Plaintiffs also argue that they are not suing the Fund in a representative capacity.  Yet, on p. 11 of Pls. Opp., they state that they are seeking relief "on behalf of plan participants."  They cannot have it both ways.  Where, like here, "[p]laintiffs purport to bring their action in a representative capacity" and they are "not resident[s] of [the] District (or even of [the] Circuit or [the] state" the normal deference to plaintiffs' choice of forum is "lessened."  *See Rader v. Bruister*, 2010 WL 2179799, at *5 (E.D. Cal. 2010); *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 U.S. Dist. LEXIS 22683, at *9 (N.D. Cal. 2002).

Plaintiffs argue that the sixth factor, "the differences in the costs of litigation in the two forums" is immaterial because the only additional costs to the Fund if the case remained in Nevada are the costs for counsel's travel.  (Pls. Opp. at 25.)  That is not true.  As set forth in Defendants' opening papers (and discussed *supra* pp.9-10), this case should be heard by the Honorable Lewis A. Kaplan in the Southern District of New York, the same District Court Judge

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

14

to which two related cases have already been assigned.[6]  Indeed, "[a]n important consideration in determining whether the interest of justice dictates a transfer of venue is the pendency of a related case in the transferee forum…  The feasibility of consolidation is a significant factor in a transfer decision."  *Callaway Golf Co. v. Corporate Trade, Inc.*, 2010 U.S. Dist. LEXIS 17906, at *19-20 (transferring case to the Southern District of New York where "it [was] undisputed that [a related case] is currently pending in the United States District Court for the Southern District of New York").  It simply makes no economic sense to have this case heard more than 2500 miles away from two related cases when court appearances, discovery and other pre-trial matters could be consolidated.  (Def. Mot. at 20-21.)

Plaintiffs' response is that the parties can voluntarily "coordinate discovery and litigation scheduled in the two Districts."  (Pls. Opp. at 28.)  Plaintiffs' cite to *Shanehchian v. Macy's, Inc*., 251 F.R.D. 287 (S.D. Ohio 2008) in support of that proposition.  In *Shanehchian*, the court found that the parties could easily coordinate related cases pending in two different districts because the districts were in the same state and all of the parties lived in the forum district.  *Id*. at 292.  In contrast, the parties in this case live all across the country (the vast majority live <u>more</u> than 1000 miles outside of Nevada and <u>less</u> than 1000 miles from the Southern District of New York, *see* Rust Aff, Ex. B), none live in Nevada, and the two cases would be heard on opposite ends of the country.

Plaintiffs also cite *Am. Can Co. v. Crown Cork & Seal Co.*, 433 F.Supp. 333 (E.D. Wis. 1977), which has no relevance here.  In *Am. Can*, the defendants did not argue that the case should be transferred for the convenience of <u>both</u> parties.  *Id.* at 338.  Plaintiffs' citations to *Micromuse, Inc. v. Aprisma Mgmt. Technologies, Inc.*, No. 05 CIV. 0894SAS, 2005 WL 1241924 (S.D.N.Y. May 24, 2005) and *Bayly Mfg. Co. v. Koracorp Indus., Inc.*, 298 F. Supp.

---

[6]  Plaintiffs make a big deal about the fact that one of the related actions was commenced by the Fund after this case was commenced.  Defendants did not represent otherwise, and it is irrelevant.

15

600, 603 (D. Colo. 1969) also do not support their argument against transfer.  *Micromuse*, in fact, supports Defendants' argument that the existence of related actions pending in another jurisdiction weighs in favor of transfer.  2005 WL 1241924, at *4 (pendency of a related case in the transferee district "slightly favor[ed] transfer").  Likewise, *Bayly* states that "the pendency of similar actions in the proposed transferee district is a persuasive factor to be considered…" 298 F. Supp. at 603.

Plaintiffs argue that the seventh factor, "the availability of compulsory process to compel attendance of unwilling non-party witnesses," weighs in their favor because they plan to call two witnesses who are based in Nevada.  (Pls. Opp. at 26-27.)  Both individuals are high level executives at Caesars, including the Global President of the company and the Vice President for Corporate Labor Relations.  (*Id*.)  Since Caesars commenced a case in the Southern District of New York dealing with the very same issues, it is fair to assume the Caesars' witnesses will travel to the Southern District of New York to pursue the claims involved here, particularly because, as Plaintiffs have stated, the claims involved here seek to protect Caesar's interests.  (*See* Pls. Opp. at 11.)  Plaintiffs' statement that Defendants "fail to identify *any prospective witness*" is wrong.[7]  (Pls. Opp. at 25 (Plaintiffs' emphasis).)  In fact, the Fund identified at least seven non-party witnesses, *i.e.*, the seven Fund trustees who participated in the Fund's vote at issue in this case, but who are not parties in this proceeding.  (*See* Def. Mot. at 21.)[8]  Unlike the two non-party witnesses Plaintiffs have identified, the seven non-party witnesses identified by Defendants have no reason to travel to Nevada voluntarily to testify.

Finally, Plaintiffs argue that the eighth factor, "ease of access to sources of proof" is neutral because of "technological advances in document storage and retrieval" and because

---

[7]     Plaintiffs actually state that "Plaintiffs fail to identify *any prospective witness*."  We have assumed that was a typo and that Plaintiffs meant to allege that "Defendants fail to identify *any prospective witness*."

[8]     The cases Plaintiffs cite regarding movants who failed to identify witnesses (Pls. Opp. at 25-26) are thus inapplicable, because Defendants identified at least seven non-party witnesses.

David J. Merrill, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935

16

Caesars' records will be just as important as the Fund's records in this case.  (Pls. Opp. at 27.)
Plaintiffs, however, have not made any allegations regarding Caesars' conduct so it is difficult to
understand how Caesars' records will support Plaintiffs' claim — which is that the Fund
breached a duty.  Plaintiffs have not identified any records belonging to Caesars that will shed
light on the Fund's duties or how it carried out its duties.   The records relevant to Plaintiffs'
claims are those that demonstrate what the Fund knew, considered and discussed, none of which
should be in Caesars' possession.  Further, documents are not the only sources of proof available.
The Fund's trustees are periodically on the East Coast for trustee meetings.  It will be easier for
all parties involved to access other parties in the Southern District of New York than in Nevada.

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

1

## <u>CONCLUSION</u>

2          For the reasons set forth above, this action should be dismissed for improper

3   venue.  In the alternative, the action should be transferred to the Southern District of New York

4   to cure venue or for the convenience of the parties and witnesses involved.

5

6          DATED this 11 day of May 2015.

7                                        SCHULTE ROTH & ZABEL LLP

8

9                          By:     /s/ Taleah E. Jennings
                                   RONALD E. RICHMAN, Esq.
10                                 (*admitted pro hac vice*)
                                   TALEAH E. JENNINGS, Esq.
11                                 (*admitted pro hac vice*)
                                   Schulte Roth & Zabel LLP
12                                 919 Third Avenue
                                   New York, NY 10022
13                                 Tel. (212) 756-2000

14                                 DAVID J. MERRILL, Esq.
                                   David J. Merrill, P.C.
15                                 10161 Park Run Drive, Suite 150
                                   Las Vegas, Nevada 89145
16                                 (702) 566-1935

17                                 Attorneys for Defendant
                                   National Retirement Fund

18

19

20

21

22

23

24

25

26

27

28

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

1

## CERTIFICATE OF SERVICE

2

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 11 day of May 2015, service

3

of the foregoing Defendants' Reply Brief In Further Support Of Motion To Dismiss was made to

4

all counsel in the action through the Court's CM/ECF system.

5

6

                    /s/ Taleah E. Jennings
7
                    Taleah E. Jennings

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

19