RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000
Fax. (212) 593-5955

DAVID J. MERRILL
Nevada Bar No. 6060
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com

Attorneys for Defendant
National Retirement Fund

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wilhelm, et. al.<br><br>           Plaintiffs,<br><br>     vs.<br><br>Beasley, et al.<br>           Defendants. | Case No.: 2:15-cv-00245-APG-VCF |

**DEFENDANTS' REPLY BRIEF**
**IN FURTHER SUPPORT OF EMERGENCY MOTION**

Plaintiffs[1] have failed to demonstrate why this Court should not enter an order to protect Defendants'[2] privileged material from public dissemination and sanction Plaintiffs for doing so.

---

[1] Plaintiffs include eleven of the Fund's Trustees: John Wilhelm, Bill Biggerstaff, Donna DeCaprio, Enrique Fernandez, Bill Granfield, Warren Heyman, Marvin Jones, Bob McDevitt, Warren Pepicelli, Richard Rumelt and Henry Tamarin.

[2] Defendants include the National Retirement Fund (the "NRF" or the "Fund") and twenty-five of the Fund's Trustees (the "Defendant Trustees"). The Defendant Trustees include Noel Beasley, Harold Bock, Gary Bonadonna, Lynne Fox, Jean Hervey, Julie Kelly, Wilfredo Larancuent, David Melman, Richard Monje, Harris Raynor, Edgar Romney, Cristina Vazquez, Teresa Wood, John Agnello, James Brubaker, John Fowler, Tod Greenfield, Robert Kovacs, Richard Kuether, Peter Lindenmeyer, Brian McGrath, Michael Montelongo, Homi Patel, Steven Thomas and Timothy Weiler.

1 | DATED this 12 day of May 2015.

SCHULTE ROTH & ZABEL

By:   /s/Taleah E. Jennings

RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000

DAVID J. MERRILL
Nevada Bar No. 6060
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com

Attorneys for Defendant
National Retirement Fund

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

Plaintiffs, in their Opposition to Defendants' Emergency Motion, filed May 12, 2015 ("Pls. Opp."), claim a memorandum sent by the Fund's counsel to Fund trustees labeled "**PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT**" (the "Priv. Mem.") is not privileged and should not be protected from disclosure. (Pls. Mot. at 3-7, 10-12, 15-16.)  They also deny that they disclosed the Priv. Mem. for the benefit of Caesars Entertainment Corporation ("Caesars") and that "disclosure of the Memorandum is of no real benefit to Caesars in any pending litigation." *Id*. at 15.

In fact, the very day before Plaintiffs filed their opposition papers, Caesars attached the Priv. Mem. in a submission filed against the Fund in Caesars' pending bankruptcy proceeding. *See* In re Caesars Entertainment Operating Company LLC et al., No. 15-00131 (ABG) (Bankr. N.D. Ill.) Document No.35 on the case docket, filed May 11, 2015.  Caesars used the document to support its argument that the bankruptcy court should enjoin payments, legal processes, and timetables over the Fund's objection. *Id.* at 7-8.

Plaintiffs' reliance on the fiduciary exception to the attorney-client privilege is misplaced. As demonstrated by the cases Plaintiffs cite, the fiduciary exception applies where a plan participant or beneficiary seeks documents related to plan administration that are otherwise privileged.  It does not extend to cases in which plan fiduciaries commence an action, purportedly on behalf of plan participants and beneficiaries, for alleged breach of fiduciary duties of co-trustees.  If Plaintiffs' argument were correct, any fiduciary of an employee benefit plan, acting on his own, would have the unfettered right to waive the Fund's privilege.  This is simply not the law.

Further, Plaintiffs' cannot credibly claim they were acting on behalf of plan participants in attaching the Priv. Mem. to a motion on venue.  As Defendants set forth in its Emergency

Motion For An Order Directing Plaintiffs To Remove Defendants' Privileged Material From The Public Domain And Prohibiting Plaintiffs From Further Improper Dissemination Of That Material ("Emer. Mot."), the Priv. Mem. had no relevance to whether venue is proper in Nevada. (*See* Emer. Mot. at 6-8.)  The only reason they attached the Priv. Mem. – as evidenced by Caesars' recent filing – was to provide Caesars with access to the Priv. Mem.

## II.  CONCLUSION

For the reasons set forth above and in the Fund's Emergency Motion, the Court should grant Defendants' motion and sanction Plaintiffs.

DATED this 12 day of May 2015.

SCHULTE ROTH & ZABEL

By: /s/Taleah E. Jennings

RONALD E. RICHMAN, Esq. (*admitted pro hac vice*)
TALEAH E. JENNINGS, Esq. (*admitted pro hac vice*)
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel. (212) 756-2000

DAVID J. MERRILL
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935

Attorneys for Defendant
National Retirement Fund

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 12 day of May 2015, service of the foregoing Defendants' Reply Brief In Further Support of Emergency Motion was made to all counsel in the action through the Court's CM/ECF system.

By: /s/Taleah E. Jennings
Taleah E. Jennings

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935